UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

FILED
JAMES J. VILT, JR. - CLERK
MAY 10 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

INDICTMENT

v.

NO. 5:22-CR-25

**ANTHONY JONES**

18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 922(a)(5)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 922(o)(1)
18 U.S.C. § 923(a)
18 U.S.C. § 924(a)(1)(D)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(d)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
26 U.S.C. § 5872
28 U.S.C. § 2461

The Grand Jury charges:

COUNT 1
(*Engaging in the Business of Dealing Firearms*)

From in or about September 10, 2020, through on or about April 9, 2021, in the Western District of Kentucky, Christian County, Kentucky, and elsewhere, the defendant, **ANTHONY JONES**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

The Grand Jury further charges:

## COUNT 2
*(False Statement During Purchase of a Firearm)*

On or about September 12, 2020, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **ANTHONY JONES**, in connection with the acquisition of a firearm, a Glock, model 19X, 9 millimeter semiautomatic pistol, bearing serial number ADPY210, from Gun & Knife Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Gun & Knife Country, which statement was intended and likely to deceive Gun & Knife Country, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented he was the actual purchaser of a firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 3
*(False Statement During Purchase of a Firearm)*

On or about September 12, 2020, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **ANTHONY JONES**, in connection with the acquisition of a firearm, a Glock, model 37GEN4, .40 caliber semiautomatic pistol, bearing serial number ACXT273, from Gun & Knife Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Gun & Knife Country, which statement was intended and likely to deceive Gun & Knife Country, as to a fact

material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented he was the actual purchaser of a firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 4
*(False Statement During Purchase of a Firearm)*

On or about October 24, 2020, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **ANTHONY JONES**, in connection with the acquisition of a firearm, a Glock, model 32GEN4, .357 caliber semiautomatic pistol, bearing serial number BPUH827, from Gun & Knife Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Gun & Knife Country, which statement was intended and likely to deceive Gun & Knife Country, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented he was the actual purchaser of a firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 5
*(False Statement During Purchase of a Firearm)*

On or about October 30, 2020, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **ANTHONY JONES**, in connection with the acquisition of a firearm, a Glock, model 17GEN5, 9 millimeter semiautomatic pistol, bearing serial number BPKR821, from Gun & Knife Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18,

United States Code, knowingly made a false and fictitious written statement to Gun & Knife Country, which statement was intended and likely to deceive Gun & Knife Country, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented he was the actual purchaser of a firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 6
*(False Statement During Purchase of a Firearm)*

On or about November 12, 2020, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **ANTHONY JONES**, in connection with the acquisition of a firearm, a Glock, model 27GEN4, .40 caliber semiautomatic pistol, bearing serial number BMAV105, from Gun & Knife Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Gun & Knife Country, which statement was intended and likely to deceive Gun & Knife Country, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented he was the actual purchaser of a firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 7
*(Transfer of a Firearm to Out of State Resident)*

In or about and between September 12, 2020, and August 13, 2021, in the Western District of Kentucky, Christian County, Kentucky, and elsewhere, the defendant, **ANTHONY JONES**,

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver, a firearm, that is, a Glock, model 27Gen4, .40 caliber semiautomatic pistol, bearing serial number ACXT273, to Keyzoe Williams, said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Kentucky, the State in which the defendant was residing at the time of the aforesaid transfer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

The Grand Jury further charges:

## COUNT 8
### (*Illegal Possession of a Machine Gun*)

On or about November 20, 2020, in the Western District of Kentucky, Hopkins County, Kentucky, the defendant, **ANTHONY JONES**, knowingly possessed a machine gun, as defined in Title 26, United States Code, Section 5845(b), to wit, a converted Glock 34, 9-millimeter machinegun, bearing serial number BNTN290.

In violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2).

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 18, United States Code, Sections 922 and 924, and Title 26, United States Code, Section 5861(d), as alleged in this Indictment, felonies punishable by imprisonment for more than one year, the defendant, **ANTHONY JONES**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), Title

26, United States Code, Section 5872, and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offenses, including but not limited to:

- Glock, model 19X, 9-millimeter, semiautomatic pistol, bearing serial number ADPY210;
- Glock, model 27GEN4, .40 caliber semiautomatic pistol, bearing serial number ACXT273;
- Glock, model 23GEN4, .40 caliber semiautomatic pistol, bearing serial number AESP768;
- Glock, model 19GEN5, 9-millimeter semiautomatic pistol, bearing serial number BRGV159;
- Glock, model 32GEN4, .357 caliber semiautomatic pistol, bearing serial number BPUH827;
- Glock, model 17GEN5, 9-millimeter semiautomatic pistol, bearing serial number BPKR821;
- Glock, model 19, 9-millimeter, semiautomatic pistol, bearing serial number AEMS305;
- Glock, model 27GEN4, .40 caliber semiautomatic pistol, bearing serial number BMAV105;
- Glock, model 22GEN4, .40 caliber semiautomatic pistol, bearing serial number BKPM664;
- Glock, model 17GEN5, 9-millimeter, semiautomatic pistol, bearing serial number AESM124;
- Glock, model 22GEN4, .40 caliber semiautomatic pistol, bearing serial number AESM125;
- Glock, model 19, 9-millimeter semiautomatic pistol, bearing serial number AEER349;
- Glock, model 23GEN4, .40 caliber semiautomatic pistol, bearing serial number AECH304;
- Glock, model 32GEN3, .357 caliber semiautomatic pistol, bearing serial number BDWT499;
- Glock, model 26, 9-millimeter semiautomatic pistol, bearing serial number ADMR344;
- Zastava, model ZPAP92, .762 caliber semiautomatic pistol, bearing serial number Z92-084173.
- Glock, model 19X, 9-millimeter semiautomatic pistol, bearing serial number BRBT396;
- Glock, model 34GEN4, 9-millimeter semiautomatic pistol, bearing serial number BNTN290;
- Glock, model 19, 9-millimeter semiautomatic pistol, bearing serial number AEGT249;
- Romarm/Cugir, model Draco, .762 caliber semiautomatic pistol, bearing serial number PF-4317-2020;

- Century Arms International, model ZPAP92, .762 caliber semiautomatic pistol, bearing serial number Z92-079064;
- Glock, model 19, 9-millimeter semiautomatic pistol, bearing serial number BPND454;
- Glock, model 19GEN5, 9-millimeter semiautomatic pistol, bearing serial number BNMM557;
- Glock, model 23, .40 caliber semiautomatic pistol, bearing serial number ABRW511.

A TRUE BILL.

_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:LAD

UNITED STATES OF AMERICA v. **ANTHONY JONES**

## PENALTIES

Count 1: NM 5 yrs./$250,000/both/NM 1 yr. Supervised Release
Counts 2-6: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Count 7: NM 5 yrs./$250,000/both/NM 1 yr. Supervised Release
Count 8: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   <u>For offenses occurring after December 12, 1987:</u>

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.