FILED
JAMES J. VILT, JR. - CLERK

MAR 15 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        CRIMINAL NO. 22-CR-00025-P-GNS

ANTHONY JONES                                              DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States

of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky,

and defendant, Anthony Jones, and his attorney, Donald Meier, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with offenses in violation of Title 18, United States Code, Sections 922, 923, 924, and Title 26,

United States Code, Section 5861. Defendant further acknowledges that the Indictment in this

case seeks forfeiture of the firearms and ammunition involved in the commission of said offense,

including but not limited to:

- Glock, model 19X, 9-millimeter, semiautomatic pistol, bearing serial number ADPY210;
- Glock, model 27GEN4, .40 caliber semiautomatic pistol, bearing serial number ACXT273;
- Glock, model 23GEN4, .40 caliber semiautomatic pistol, bearing serial number AESP768;
- Glock, model 19GEN5, 9-millimeter semiautomatic pistol, bearing serial number BRGV159;
- Glock, model 32GEN4, .357 caliber semiautomatic pistol, bearing serial number BPUH827;
- Glock, model 17GEN5, 9-millimeter semiautomatic pistol, bearing serial number BPKR821;
- Glock, model 19, 9-millimeter, semiautomatic pistol, bearing serial number AEMS305;
- Glock, model 27GEN4, .40 caliber semiautomatic pistol, bearing serial number BMAV105;
- Glock, model 22GEN4, .40 caliber semiautomatic pistol, bearing serial number BKPM664;
- Glock, model 17GEN5, 9-millimeter, semiautomatic pistol, bearing serial number AESM124;

- Glock, model 22GEN4, .40 caliber semiautomatic pistol, bearing serial number AESM125;
- Glock, model 19, 9-millimeter semiautomatic pistol, bearing serial number AEER349;
- Glock, model 23GEN4, .40 caliber semiautomatic pistol, bearing serial number AECH304;
- Glock, model 32GEN3, .357 caliber semiautomatic pistol, bearing serial number BDWT499;
- Glock, model 26, 9-millimeter semiautomatic pistol, bearing serial number ADMR344;
- Zastava, model ZPAP92, .762 caliber semiautomatic pistol, bearing serial number Z92-084173.
- Glock, model 19X, 9-millimeter semiautomatic pistol, bearing serial number BRBT396;
- Glock, model 34GEN4, 9-millimeter semiautomatic pistol, bearing serial number BNTN290;
- Glock, model 19, 9-millimeter semiautomatic pistol, bearing serial number AEGT249;
- Romarm/Cugir, model Draco, .762 caliber semiautomatic pistol, bearing serial number PF-4317-2020;
- Century Arms International, model ZPAP92, .762 caliber semiautomatic pistol, bearing serial number Z92-079064;
- Glock, model 19, 9-millimeter semiautomatic pistol, bearing serial number BPND454;
- Glock, model 19GEN5, 9-millimeter semiautomatic pistol, bearing serial number BNMM557;
- Glock, model 23, .40 caliber semiautomatic pistol, bearing serial number ABRW511.

pursuant to Title 18, United States Code Section 924(d), Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461.

2.     Defendant has read the charges against him contained in the Indictment and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to Counts 1-8 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

Between the dates of September 12, 2020, and November 20, 2020, in the Western District of Kentucky, Christian County, Kentucky, the defendant purchased 40 handguns with the intention of selling them. Many of these handguns were purchased at a discount using his military identification. The defendant admitted that he did not have a license to

2

engage in the business of selling firearms. The defendant admitted to making false statements to purchase the firearms listed in Counts 2 through 6 of the Indictment, in that he was not the actual purchaser of the firearms as he had been paid to obtain the guns and transfer them to others. He further admitted to transferring several of the firearms to out of state residents. Specifically, on or about and between September 12, 2020, and August 13, 2021, the defendant purchased the handgun listed in Count 7 of the Indictment and willfully transferred it to Keyzoe Williams, while having reasonable cause to believe that Mr. Williams was not a Kentucky resident.

Jones also had other people purchase firearms for him so that he could sell them to others. Jones received multiple CashApp payments from others in exchange for purchasing firearms for them. Jones admitted to driving guns to Chicago and Indianapolis to sell them.

Of the 40 guns purchased by Jones, 3 of them were recovered from crime scenes in Chicago, Illinois. One was a gang-related (Gangster's Disciples) shooting. One of the guns purchased by another person for Jones also turned up at a crime scene in Chicago. The particular gun that was recovered had a Glock switch on it and was designed to function as a machinegun.

On November 20, 2020, Jones was arrested in a stolen vehicle with 9 firearms in the trunk. Jones admitted that the firearms were his and he had purchase receipts for 8 of them showing that he purchased them the day prior to the stop. The other gun, the Glock referenced in Count 8 of the Indictment, had a Glock switch on it and functioned as a machinegun. A search warrant for Jones Instagram account revealed a video of a drive-by shooting that Jones admitted to recording. The gun in the video is the same converted

3

Glock machinegun that Jones was in possession of on November 11, 2020. Jones admits to possessing the Glock switch (machinegun).

All of the firearms referenced in the indictment were not manufactured in the state of Kentucky and therefore traveled in interstate and/or foreign commerce.

4.    Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of 70 years, a combined maximum fine of $2,000,000.00, and up to a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all firearms and ammunition involved in the commission of the offense in the Indictment.

5.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

4

6.    Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.    Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

5

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.    The parties agree that restitution is not an issue in this case.

10.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $800.00 to the United States District Court Clerk's Office by the date of sentencing.

11.    At the time of sentencing, the United States will:

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.

-demand forfeiture of all items covered by the Notice of Forfeiture in the Indictment.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.     The Applicable Offense Level should be determined as follows: The parties will review the Guidelines calculations by the United States Probation Office and reserve their rights to make objections, if any, to those.

B.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.  The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C.     The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.     Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Unless based on claims of ineffective assistance of counsel or

7

prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

14.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

15.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

18.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

19.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By: _____          3/15/2023
Leigh Ann Dycus                                              Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          3/15/23
Anthony Jones                                              Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          3/15/23
Donald Meier                                              Date
Counsel for Defendant

9